UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| ANGELA C. GIVEN and JESSICA GINGRAS, on behalf of themselves and all others similarly situated, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 15-cv-101-jgm |
| JOEL ROSETTE, TED WHITFORD, TIM MCINERNEY, THINK FINANCE, INC., TC LOAN SERVICE, LLC, KENNETH E. REES, TC DECISION SCIENCES, LLC, TAILWIND MARKETING, LLC, SEQUOIA CAPITAL OPERATIONS, LLC and TECHNOLOGY CROSSOVER VENTURES, | : : : : : : : : : | |
| Defendants. | : : | |

ORDER ON MOTIONS FOR LEAVE TO FILE AMICUS BRIEF, TO MOOT MOTION TO
DISMISS, TO EXTEND PAGE LIMIT, AND FOR JURISDICTIONAL DISCOVERY
(Docs. 13, 22, 39, 43)

I.   Introduction

Plaintiffs Jessica Gingras and Angela Given ("Plaintiffs"), on behalf of a putative class of individuals who took out payday loans from Plain Green, LLC ("Plain Green"), seek equitable relief from Defendants, various individuals and entities allegedly involved with Plain Green's business. Numerous motions are now pending relating to the briefing of a motion to dismiss filed by Defendants Rosette, Whitford and McInerney ("Defendants").

Plaintiffs filed their Complaint on May 13, 2015. (Doc. 1.) On July 14, 2015, Defendants moved to dismiss the Complaint, or in the alternative, to compel arbitration. (Doc. 13.) In response, Plaintiffs amended their Complaint, doubling their factual allegations and adding seven

defendants and civil RICO claims. (Doc. 18.) Plaintiffs then filed their opposition to the motion to dismiss on August 13, 2015. (Doc. 23.)

The present motions all relate to the pending motion to dismiss. Defendants seek an order deeming their motion to dismiss moot, which would allow them to file a new motion to dismiss responsive to the entire First Amended Complaint. (Docs. 39, 50.) Plaintiffs oppose mooting the motion to dismiss on the grounds they wish to preserve their opposition (Doc. 42), and they request jurisdictional discovery (Doc. 43, 51). Finally, the State of Vermont seeks leave to file an amicus brief. (Doc. 22.)

II.   Discussion

    A.   Motion to Moot and Extend Page Limit

Defendants seek to moot their original motion to dismiss because Plaintiffs amended their Complaint subsequent to the filing of that motion. They also request permission to file a 40-page memorandum of law in support of their anticipated motion to dismiss. The Court grants the motion.

Plaintiffs' filing of the First Amended Complaint mooted the motion to dismiss and the related briefing. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 120 n.2 (2d Cir. 2006) (filing of amended complaint subsequent to defendants' motion to dismiss mooted motion to dismiss); Thompson v. Pallito, 949 F. Supp. 2d 558, 582 (D. Vt. 2013) (collecting cases). Where Plaintiffs have substantially bolstered their factual allegations through amendments to the complaint, it makes little sense for the Court to assess those claims based on briefing that does not consider the additions.[1] Plaintiffs oppose the motion based on a desire to preserve their brief. Cf. In re Colonial

---

[1] Defendants propose, as an alternative, that they might file a consolidated motion to dismiss the new claims with their reply. (Doc. 39, at 4 n.4.) This case is in its early stages, and the Court finds no need to complicate briefing with this alternative procedure.

Ltd. P'ship Litig., 854 F. Supp. 64, 80 (D. Conn. 1994) (declining to moot motions to dismiss following amendment when the court had already issued a partial and preliminary ruling and parties had devoted an extraordinary amount of time and expense to the pending motions).  But mooting the motion to dismiss would not waste Plaintiffs' whole effort, as they will presumably incorporate much of their present opposition brief into a new opposition addressing the full scope of the First Amended Complaint.

Additionally, the Court grants Defendants permission to file a 40-page memorandum accompanying their motion to dismiss the First Amended Complaint.  Plaintiffs have not objected (Doc. 39, at 1 n.1; Doc. 42) and the First Amended Complaint raises several new issues.

### B. Motion for Jurisdictional Discovery

Plaintiffs move for an order permitting limited discovery related to subject matter jurisdiction.  Specifically, they seek discovery related to Defendants' claimed immunities and discovery to determine whether the relevant arbitration provision is unconscionable.  (Doc. 43, at 2-3.)  A district court has discretion to grant jurisdictional discovery where jurisdictional facts are in dispute, see First City, Texas-Houston, N.A. v. Rafidain Bank, 150 F.3d 172, 176-77 (2d Cir. 1998), or when the court must make a finding to determine arbitrability, see Oriental Commercial & Shipping Co. v. Rosseel, N.V., 125 F.R.D. 398, 400 n.3 (S.D.N.Y. 1989) (pre-arbitration discovery may be permitted).  The Court will consider whether such discovery is warranted after reviewing the parties' briefing following a motion to dismiss the First Amended Complaint, and accordingly defers ruling on this motion until filing of the new opposition.  See, e.g., Freund v. Republic of France, 592 F. Supp. 2d 540, 562 (S.D.N.Y. 2008) (after reviewing the "allegations and arguments" on a motion to dismiss, finding jurisdictional discovery unwarranted).

    C.    <u>Leave to File Amicus Brief</u>

The State of Vermont ("State") seeks leave to file an amicus brief in support of Plaintiffs' opposition to the motion to dismiss.  No party has objected.  The Court grants this motion.  See <u>Jin v. Ministry of State Sec.</u>, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("District Courts have inherent authority to appoint or deny <u>amici</u> which is derived from Rule 29 of the Federal Rules of Appellate Procedure.").  The State shall file its brief on or before the date by which Defendants must file their reply in support of their anticipated motion to dismiss.

III.    <u>Conclusion</u>

Based on the foregoing, the State of Vermont's motion for leave to file an amicus brief (Doc. 22) is GRANTED.

Defendants' motion to moot the motion to dismiss and for leave to file a 40-page memorandum of law in support of a new motion to dismiss (Doc. 39) is GRANTED.  Defendants' motion to dismiss without leave to amend, or, in the alternative, to compel arbitration (Doc. 13) is moot.

The Court defers ruling on Plaintiffs' motion for jurisdictional discovery (Doc. 43) until receiving briefing on the new motion to dismiss.

The Parties shall confer regarding the Discovery Schedule consistent with Local Rule 26(a)(2).  <u>See</u> D. Vt. L.R. 26(a)(2).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 4th day of September, 2015.

                                              /s/ J. Garvan Murtha
                                              Honorable J. Garvan Murtha
                                              United States District Judge